[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2000
THOMAS K. KAHN
CLERK

_____

No. 99-12328

_____

D. C. Docket No. 96-00224-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY JAMES RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 17, 2000)**

Before COX, BLACK and FAY, Circuit Judges.

PER CURIAM:

Anthony James Richardson appeals his 180-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). He argues that he was improperly sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4. For the reasons stated below, we affirm the district court's sentence.

Richardson possessed a firearm as a felon on December 31, 1995. On January 29, 1997, he pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On April 29, 1997, the district court concluded that he qualified as an armed career criminal and enhanced his sentence pursuant to 18 U.S.C. § 924(e)(1). Richardson appealed. This Court vacated the sentence and remanded for re-sentencing because the district court erroneously relied upon a conviction obtained after Richardson's violation of § 922(g) to conclude that he qualified as an armed career criminal. See United States v. Richardson, 166 F.3d 1360, 1361-62 (11th Cir. 1999). On remand, the district court again concluded that Richardson qualified as an armed career criminal and enhanced his sentence accordingly, but this time relied upon two 1990 burglary convictions, which were listed as two counts, in the Clarke County, Alabama, Circuit Court. Richardson appeals.

To qualify as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), the

defendant must violate § 922(g) and have "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Richardson argues that the court erred in concluding that the Clarke County burglary convictions constitute crimes committed on occasions different from one another and that the court erred in considering evidence relevant to these convictions beyond the indictments and judgments of conviction.[1]

We review for clear error a district court's factual findings and review de novo the district court's application of law to those facts. United States v. Cover, 199 F.3d 1270, 1274 (11th Cir. 2000). Whether two crimes constitute a single criminal episode or two separate felonies for purposes of § 924(e) is an issue of law, which we review de novo. See United States v. Lee, 208 F.3d 1306, 1307 (11th Cir. 2000).

"[Section 924(e)] does not require separate indictments; the final conviction under section 922(g) must merely be preceded by three convictions for crimes that are temporally distinct." United States v. Howard, 918 F.2d 1529, 1538 (11th Cir. 1990). In Lee, the Court recently reiterated that "'so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of'"

---

[1] Richardson does not argue that his 1990 burglary conviction in the Washington County, Alabama, Circuit Court does not count toward the three requisite convictions. Thus, the question is whether the Clarke County convictions count as a single criminal episode or two violent felonies committed on different occasions.

§ 924(e)(1). 208 F.3d at 1307 (quoting United States v. Pope, 132 F.3d 684, 692 (11th Cir. 1998)). The Court stated that "by 'successive,' the Pope panel meant that the crimes were separated by 'a meaningful opportunity to desist . . . activity before committing the second offense,' and that the crimes reflected 'distinct aggressions, especially if the defendant committed the crimes in different places.'" Id. Moreover, the Court explained that the crimes may represent one course of criminal conduct but still be considered separate crimes where one crime was completed successfully and then the second "crime was committed in a completely different venue." Id. at 1308.

Richardson concedes that the Clarke County indictments and judgments alone indicate that either he or one of his accomplices burglarized Martin Searcy's building and either Richardson or one of his accomplices burglarized Barry Wiseman's building. He contends, however, that the indictments and judgments do not indicate whether the burglaries occurred simultaneously or successively. As Richardson could not have been in Searcy's building and Wiseman's building simultaneously, he burglarized the buildings successively or while he was burglarizing one, an accomplice was burglarizing the other, or his accomplices burglarized both buildings. If he burglarized the buildings successively, then the crimes are on different occasions and distinct criminal episodes. On the other hand, if he burglarized one while his accomplices burglarized the other or his accomplices burglarized both simultaneously,

4

then the answer is less clear. For example, if Richardson drove his accomplices to the buildings, instructed them to burglarize the buildings and the accomplices complied, the crimes would be simultaneous and temporally indistinct. Thus, the indictments and judgments alone do not indicate whether the crimes were committed on occasions different from one another.

The district court went further, however, and examined records beyond the judgment and indictment. The district court concluded that the burglaries were separate offenses based on police reports and arrest records related to the Clarke County burglaries submitted by the Government. Richardson argues that Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143 (1990), precludes consideration of these documents. In Taylor, the Supreme Court first concluded that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599, 110 S. Ct. at 2158. Next, the Supreme Court held that "§ 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions" to determine if the conviction is such a burglary. Id. at 600, 110 S. Ct. at 2159. In other words, "the only plausible interpretation of § 924(e)(2)(B)(ii) is that,

like the rest of the enhancement statute, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." Id. at 602, 110 S. Ct. at 2160. Such a categorical approach applies, the Court reasoned, because "Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories and not to the facts underlying the prior convictions." Id. at 600, 110 S. Ct. at 2159.[2] The Court also expressed concerns about the "practical difficulties and potential unfairness of a factual approach," in particular, the problems of attempting to prove through trial transcripts or witnesses, conduct alleged to be a burglary. Id. at 601, 110 S. Ct. at 2159.

In contrast, determining whether crimes were committed on occasions different from one another requires looking at the facts underlying the prior convictions. See e.g., United States v. Sweeting, 933 F.2d 962, 967 (11th Cir. 1991)("The underlying incident for Sweeting's prior conviction was the burglarizing of one home, fleeing to another home when the police approached, and hiding in a closet to escape detection

_____

[2] As a result of adopting this categorical approach, the Taylor Court ultimately held that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Taylor, 495 U.S. at 602, 110 S.Ct. at 2160. Richardson does not argue that the burglary convictions in Clarke County do not substantially correspond to generic burglary.

6

by the police. We agree with appellant that this should count as only one conviction for purposes of sentencing, as it constitutes a single episode even though there were separate punishable acts."); Pope, 132 F.3d at 692 ("Because Pope had completed his first burglary when he made the decision to commit the second burglary by breaking into another office 200 yards away, the two crimes were committed on 'occasions different from one another.'"); Lee, 208 F.3d at 1308 ("Lee here successfully completed his first crime. He got away. Only after he was spotted some two miles away . . . did he set into motion the chain of events leading to his second crime, and that crime was committed in a completely different venue. That break makes the crimes successive, distinct aggressions.").

Richardson further argues that United States v. Spell, 44 F.3d 936 (11th Cir. 1995), limits any inquiry beyond the fact of conviction to "examining easily produced and evaluated court documents, including the judgment of conviction, charging papers, plea agreement, presentence report adopted by the court, and the findings of a sentencing judge." Id. at 939. Although Spell was concerned with a different provision than Taylor, the issue was similar. In Spell, the Court determined whether the defendant's Florida burglary conviction was for a crime of violence pursuant to U.S.S.G. § 4B1.2. The police report and arrests records, Richardson argues, are beyond the limited inquiry prescribed by Spell and are of insupportable reliability.

7

Whether the Clarke County burglaries were committed on "occasions different from one another," i.e. whether they were "temporally distinct" or "successive rather than simultaneous," is a question unsuited to a categorical approach that relies on an examination of the criminal statute. The mere fact of conviction does not answer this question. Furthermore, the court documents referred to in Spell–especially in a case such as this one where the defendant pleaded guilty to the crimes–often do not provide sufficient information to determine whether crimes were separate or part of a single criminal episode.[3] As noted above, in making this determination, this Court has repeatedly examined the underlying facts. See, e.g., Sweeting, 933 F.2d at 967; Pope, 132 F.3d at 691-92; Lee, 208 F.3d at 1308. Thus, the court did not err in examining the underlying facts.[4]

We recognize, however, that the reliability of police reports is far from absolute. We further recognize the risk of converting a sentencing procedure into a mini-trial of the facts. Cf. Spell, 44 F.3d at 939 ("As the Supreme Court explained in Taylor v. United States, the practical difficulties of holding mini-trials on a

---

[3] It is common in many jurisdictions for indictments to simply track the statutory language for the given crime and provide few, if any, of the specific facts underlying the indictment.

[4] We note that this Court in its prior opinion instructed that "[o]n remand, the district court is not precluded from soliciting facts about the Clarke County burglaries to determine whether they were separate convictions for the purpose of applying" § 924(e)(1). Richardson, 166 F.3d at 1362.

defendant's prior convictions counsel against looking beyond the fact of conviction.").

Richardson, however, has not contested the accuracy of the police reports in this case. Moreover, the facts which the police reports relay in this case are those which ordinarily such a report most reliably relays. In particular, the reports indicate that Martin Searcy reported that his camphouse in Manilla was burglarized between 5:00 p.m. November 28, 1989, and 5:45 p.m. December 1, 1989, and that Barry Wiseman reported that his residence in Mobile was burglarized between 12:00 a.m. December 3, 1989, and 8:00 p.m. December 4, 1989.

Based on these reports which undisputedly indicate that the burglaries took place on different days at different locations, we conclude that the district court did not err in concluding that the Clarke County burglaries were committed on occasions different from one another. Accordingly, we affirm its application of the armed career criminal enhancement pursuant to § 924(e)(1).

**AFFIRMED.**