[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11854
Non-Argument Calendar

_____

D. C. Docket No. 05-00107-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETROSE DEMON HOLLAND,
a.k.a. Petrose Demond Holland,
a.k.a. Peter Demon Holland,
a.k.a. PEP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 25, 2006)

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Petrose Demon Holland appeals his 88-month sentence for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), and 924(e), the Armed Career Criminal Act ("ACCA"). After review, we affirm.

## I. BACKGROUND

At sentencing, Holland's presentence investigation report ("PSI") indicated that Holland had three prior serious drug convictions on October 12, 1998 for three counts of "possession of a controlled substance sell/deliver" and three counts of possession of a controlled substance and thus was an armed career criminal under 18 U.S.C. § 924(e). Under § 924(e), a defendant who violates 18 U.S.C. § 922(g) is an armed career criminal subject to a mandatory minimum fifteen-year sentence if he has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1). The parties do not dispute that Holland's convictions qualify as serious drug offenses. Rather, the dispute here is whether two of his three convictions were "committed on occasions different from one another" under § 924(e).[1]

---

[1]Prior to Holland's guilty plea, the government filed a notice that Holland was subject to enhanced penalties because of his prior convictions. In addition to the three October 12, 1998 convictions, this notice listed a fourth conviction for possession of crack cocaine on June 19, 1998. The government abandoned reliance on the June 19, 1998 conviction after it decided that this

In this regard, the PSI also noted that the offense conduct of two of the three October 12 convictions occurred on the same day, October 8, 1997, in Pensacola, Florida. According to the PSI, Holland committed one of the October 8 offenses in the area of Q and Moreno Street. The second October 8 offense occurred in the area of S and Blount Street. The third October 12 conviction involved offense conduct on October 22, 1998 and occurred in the area of Q and Blount Street.

Holland objected to the armed career criminal enhancements, arguing that his October 12, 1998 convictions were part of a "single criminal episode" and did not qualify as offenses "committed on occasions different from one another" under § 924(e). Holland did not contest the nature of his offenses, but rather whether his offense met the different occasion requirement in § 924(e).

At sentencing and without objection, the government introduced into evidence certified copies of Holland's informations and arrest reports for the three October 1998 offenses. In addition, the district court heard the testimony of Peter Steven Bondjuk, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Bondjuk testified that he obtained copies of Holland's informations, sentences and judgement for the October 1998 convictions. Bondjuk testified that two of the three cases occurred on October 8, 1997. Bondjuk also had spoken with

conviction did not qualify as a serious drug offense within the meaning of § 924(e)(2)(A)(ii).

3

the officer who wrote the arrest reports for the October 8 offenses to confirm that the offense conduct on Moreno and Q Street occurred at 5:02 p.m. and that the offense conduct at Blount and S Street occurred at 5:18 p.m. on the same day. The officer also told Bondjuk that the same confidential informant was used in both controlled purchases and that the confidential informant reconnected with a law enforcement officer to hand over the evidence between the two controlled purchases. Bondjuk also stated that Q Street was approximately a block and a half away from S Street and that street dealers usually work in a concentrated area, but that they do not stay in one particular spot because they try to assert territorial control. With regard to the October 22 offense, Bondjuk testified that he did not know whether the same confidential informant was used.

Following this evidence, Holland argued that the two October 8 offenses, which occurred within two blocks of each other and sixteen minutes apart, were one continuous act and should be counted as one conviction for purposes of the ACCA. The district court overruled Holland's objection, finding that the two October 8 offenses occurred on different occasions within the meaning of the ACCA.

The district court adopted the PSI's guidelines calculations, giving Holland

an offense level of 31[2] and a criminal history category of VI, which resulted in an advisory guidelines range of 188 to 235 months.

The district court then granted the government's U.S.S.G. § 5K1.1 motion for a substantial assistance departure and sentenced Holland to 88 months' imprisonment. The district court stated that, in imposing the sentence, it had considered the 18 U.S.C. § 3553(a) factors and also the fact that Holland "only marginally" qualified as an armed career criminal, as follows:

> I have taken into account the fact that while technically you do fall within the Armed Career Criminal Act, certainly it's only marginally within it because of the technicalities we have covered.

Holland appeals his 88-month sentence.

## II. DISCUSSION

On appeal, Holland argues that the district court considered impermissible sources in determining whether his convictions occurred on different occasions for purposes of the ACCA. Because Holland did not raise this argument in the district court, we review only for plain error. See United States v. Rodriguez, 398 F.3d 1292, 1298 (11th Cir. 2005). Under plain error review, "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is:

---

[2]The PSI recommended that, under U.S.S.G. § 4B1.4, Holland's offense level should increase to level 34 due to his armed career criminal status. After receiving a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, Holland's total offense level was 31.

'(1) error, (2) that is plain, and (3) that affects substantial rights.'" Id. at 1298 (quoting in part United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)). If these three conditions are met, "an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted). "[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving [the issue]." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). Here, even assuming arguendo that there was error, it was not plain.

In 1990, the Supreme Court held that 18 U.S.C. § 924(e) mandated a formal categorical approach when determining whether a prior conviction was a violent felony or a serious drug offense for purposes of the ACCA. See Taylor v. United States, 495 U.S. 575, 600-02, 110 S. Ct. 2143, 2159 (1990). Under this categorical approach, a sentencing court was permitted to look only to the statutory elements of the prior offenses, the charging documents and the jury instructions, but could not look to the particular facts underlying the convictions. Id. at 602, 110 S. Ct. at 2160.

In 2000, this Court rejected the argument that the categorical approach in Taylor prohibited a sentencing court from considering police reports and arrest

6

records when determining whether a defendant's prior convictions were committed on different occasions under the ACCA. See United States v. Richardson, 230 F.3d 1297, 1299-1300 (11th Cir. 2000). This Court concluded that whether the convictions were committed on different occasions was "a question unsuited to a categorical approach that relies on an examination of the criminal statute." Id. at 1300. Although we "recogniz[ed] the risk of converting a sentencing procedure into a mini-trial of the facts," we also noted that the defendant did not contest the accuracy of the police reports and the reports revealed facts ordinarily relayed in police reports, such as the time and date of the offense conduct. Id.

In 2005, the Supreme Court elaborated upon the categorical approach first recognized in Taylor and concluded that the district court could not look at police records and reports in determining whether the convictions were violent felonies or serious drug offenses. See Shepard v. United States, 544 U.S. 13, 16, 125 S. Ct. 1254, 1257 (2005). Importantly, Shepard did not address a district court's inquiry under the ACCA as to whether the prior convictions were committed on different occasions. Furthermore, since Shepard was decided, this Court has not addressed whether Shepard's ban on the use of police records and reports applies to § 924(e)'s "different occasions" inquiry and thus, as Holland suggests, "nullifies" our decision in Richardson. Because neither the Supreme Court nor this Court has

7

directly resolved the question, any error in Holland's case was not obvious or clear under current law and thus was not plain.

Alternatively, Holland argues that, even if a court may consider arrest reports and testimony about his two October 8, 1998 offenses, the district court erred in concluding that his two offenses were distinct for purposes of the ACCA.[3] The ACCA does not require that the predicate offenses be separated "by some substantial amount of time." United States v. Pope, 132 F.3d 684, 691 (11th Cir. 1998). Rather, "so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes . . . ." Id. at 692. More specifically, "the 'successful' completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first . . . ." Id. Thus the ACCA will apply "to criminals who commit three crimes in temporal and physical proximity to one another if the perpetrator had a meaningful opportunity to desist his activity before committing [another] offense." Id. at 690 (concluding that two burglaries committed on the same evening in separate buildings 200 yards apart were sufficiently distinct under the ACCA); see also United States v. Spears, 443 F.3d 1358, 1360 (11th Cir. 2006) (concluding that two robberies committed within two minutes and thirty feet of each other were

---

[3]We review de novo the legal determination that offenses were distinct under the ACCA. United States v. Pope, 132 F.3d 684, 689 (11th Cir. 1998).

8

sufficiently distinct under the ACCA).

Here, according to the PSI, which Holland did not dispute, the two controlled drug buys on October 8 occurred at different times, separated by sixteen minutes, and at different locations, separated by a few blocks. These temporal and physical breaks gave Holland a "meaningful opportunity" to stop before committing the second offense. Thus, Holland's two October 8, 1998 drug offenses were separate criminal episodes for purposes of the ACCA. Accordingly, the district court did not err in sentencing Holland as an armed career criminal, and we affirm Holland's 88-month sentence.

**AFFIRMED.**