[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12741
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00190-TJC-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBRA POWELL, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2011)

Before EDMONDSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Bobra Powell, Jr. appeals his 180-month sentence imposed after pleading

guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Powell was sentenced pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because he had been previously convicted of three ACCA-qualifying offenses. Powell contends the district court violated his Fifth and Sixth Amendment rights by judicially determining that his prior convictions were "committed on occasions different from one another," as required for sentencing under the ACCA. Powell acknowledges our precedent permits such determinations, particularly where sentencing courts limit their inquiries to *Shepard*-approved[1] sources, but argues, for the first time on appeal, that the Supreme Court's recent decision in *Nijhawan v. Holder*, 557 U.S. _, 129 S. Ct. 2294 (2009), abrogates those precedents. Specifically, he asserts that after *Nijhawan*, circumstance-specific facts, like those required under the ACCA's different-occasions inquiry, may not serve as the basis for sentencing

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

enhancements unless they are alleged in the indictment and proven beyond a reasonable doubt.[2]  After review, we affirm Powell's sentence.[3]

Under § 924(e)'s  different-occasions inquiry, a sentencing court must determine whether "the perpetrator had a meaningful opportunity to desist his activity before committing the second offense."  *United States v. Pope*, 132 F.3d 684, 690 (11th Cir. 1998).  Because this inquiry necessarily "requires looking at the facts underlying the prior convictions," we initially concluded that sentencing judges should not be limited to considering "easily produced and evaluated court documents," as they are in other contexts.  *United States v. Richardson*, 230 F.3d 1297, 1300 (11th Cir. 2000).

Recently, however, we modified our holding in *Richardson* in light of the Supreme Court's decision in  *Shepard v. United States*, 544 U.S. 13 (2005).  *See United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010).  *Shepard* held for purposes of determining whether a prior conviction qualifies as a "violent felony"

---

[2]Powell next argues, for purposes of preservation only, the district court erred by imposing an enhanced sentence under the ACCA because he did not admit to the existence of his predicate offenses when he pled guilty.  This argument is foreclosed by precedent.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998) (recognizing the "fact of an earlier conviction" may be constitutionally determined by judicial fact-finding).  Thus, we decline to address this issue.

[3]We review properly preserved constitutional claims de novo.  *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).  Powell's claim is subject to de novo review because he objected to his enhanced sentenced on constitutional grounds before the district court, and is now free to expand on that position on appeal.  *See Yee v. Escondido*, 503 U.S. 519, 534 (1992).

under § 924(e), a sentencing court (1) may not consider police reports or complaint applications, but (2) may examine "the terms of the charging document, the terms of the plea agreement or transcript of the colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [] some comparable judicial record of this information." 544 U.S. at 23-26. Accordingly, sentencing judges must still consider the circumstances underlying a defendant's convictions in order to determine if the convictions occurred on different occasions, but judges may be required to limit their inquiries to *Shepard*-approved sources. *Sneed*, 600 F.3d at 1332 (stating that the Supreme Court "gave us the list of *Shepard*-approved sources largely to address or avoid constitutional concerns").

In *Nijhawan*, the Supreme Court held that in determining whether an alien's prior conviction constitutes an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii), immigration courts may consider "the factual circumstances surrounding commission of the crime" without limiting their inquiry to *Shepard*-approved sources. *Nijhawan*, 557 U.S. _, 129 S. Ct. at 2298. In reaching this conclusion, the Court noted the constitutional issues in *Shepard* were not relevant to proceedings in immigration court, but acknowledged constitutional concerns

4

might arise if an aggravated-felony finding was later used to enhance a criminal defendant's sentence under 8 U.S.C. § 1326. *See Id.* at _, 129 S. Ct. at 2302-03.

Powell contends the district court constitutionally erred in performing § 924(e)(1)'s different-occasions inquiry, despite the fact it relied only on *Shepard*-approved sources.[4] Contrary to Powell's contentions, nothing in *Nijhawan* undermines the *Shepard-Sneed* line of cases. *Nijhawan* merely implied that if immigration courts are not limited to *Shepard*-approved sources, their findings may not provide a constitutional basis for sentencing enhancements. *Nijhawan* did not suggest circumstance-specific determinations made for ACCA purposes must be proven beyond a reasonable doubt. Accordingly, the district court did not err in sentencing Powell under the ACCA.

**AFFIRMED.**

---

[4]The *Shepard*-approved documents the Government introduced at sentencing showed Powell's prior offenses occurred on different days, and thus clearly established he "had a meaningful opportunity to desist his activity before committing the [next] offense." *See Pope*, 132 F.3d at 690.