UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony Leon SWEETING and Joseph
Leander Sweeting,
Defendants–Appellants.

No. 89–5563.

United States Court of Appeals,
Eleventh Circuit.

June 18, 1991.

Lisa A. Rosenthal, Miami, Fla., for defendants-appellants.

Magda Lovinsky, Alice Ann Burns, Dawn Bowen, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge:

Anthony Sweeting and Joseph Sweeting appeal their convictions under 18 U.S.C. § 922(g)(1) for possession of a firearm by a felon. Joseph Sweeting claims that the district court erred by denying his motion to suppress his statement given during a custodial interrogation regarding his address, which was relevant to the element of possession. The Sweeting brothers also claim that the district court erred by denying their motion to suppress evidence obtained from the search of a residence and denying their motion for bifurcation at trial of the proof of the possession element from the prior conviction of a felony element of the offense. They attack the sufficiency of the evidence supporting the convictions. Finally, each appeals his sentence: Joseph appeals the upward departure from the guideline range; Anthony appeals the district court's application of the enhanced penalty provision of 18 U.S.C. § 924(e), the Armed Career Criminal Act, based upon his prior criminal conviction. We affirm the conviction and sentence of Joseph Sweeting. We affirm the conviction of Anthony Sweeting; but we vacate his sentence and remand for resentencing.

## I. BACKGROUND

On July 11, 1988, the Metro–Dade Police Department received two anonymous telephone tips of narcotics activities occurring at a residence at 20730 SW 116 Road, Miami, Florida. The police then conducted surveillance at that location. They observed a white Cadillac driving away from the premises and a white pick-up truck arrive at the residence and depart at a high rate of speed after staying approximately five minutes. After a black and silver Ford Bronco arrived at the premises, the driver and a passenger entered the house, and the driver emerged with a small package which he took into the vehicle. The police followed as he drove away. When the vehicle was stopped and the driver was searched by the police, they found a small tin foil packet containing approximately ½ gram of cocaine in his shirt pocket.

The description of the vehicles and the activities of the people entering and leaving the house was consistent with the tip information. All this information was included in the affidavit used to obtain a search warrant on July 12, 1988. Also included was information that a confidential informant had advised the police of gang-related activities of Joseph Sweeting involving the sale of cocaine. Pending the issuance of the search warrant, the police secured the premises.

During this time, Anthony Sweeting arrived at 20730 SW 116 Road. He stated that he was looking for his girlfriend. A short time later, Joseph arrived and spontaneously stated that he did not live there. A search of the residence disclosed two AR–15 semi-automatic rifles, two other rifles, a .22 caliber revolver, a .32 caliber revolver, two pistols, and ammunition, among personal documents and effects identifying the Sweeting brothers. The weapons were found in the kitchen and in four bedrooms. There were items of men's clothing in the bedrooms. The non-contraband evidence, including receipts, identification cards, a prescription bottle, photographs and a home video, connected Joseph and Anthony to the residence.

The police officer placed Joseph and Anthony under arrest, charging them with state offenses based on their suspected possession of the firearms. The officer

filled out a standard arrest form. Joseph provided requested information by responding to questions, giving the address of the residence at 20730 SW 116 Road as his local address, and his parents' near-by residence as his permanent address.

## II. PROCEDURAL HISTORY

Defendants' pretrial motions for suppression of physical evidence from the search of the residence, and suppression of Joseph's statement of his address during custodial interrogation, were denied. At trial, the district court accepted a stipulation[1] as an alternative to granting defendants' motion for bifurcation at trial of the elements of possession and prior conviction under 18 U.S.C. § 922(g)(1). The jury found Joseph and Anthony Sweeting guilty of the charged offense. The district court imposed a sentence of four years imprisonment for Joseph, in accordance with 18 U.S.C. § 3553(b), and 15 years imprisonment for Anthony, in accordance with § 924(e)(1). Additionally, each defendant's sentence included a $20,000 fine and a three-year term of supervised release.

## III. DISCUSSION

### A. The Search Warrant

Joseph and Anthony Sweeting contend that the district court erred when it denied the motion to suppress the weapons seized in the search of the residence. Their arguments address the district court's determination that (1) they failed to establish a legitimate expectation of privacy in the house searched or items seized, and (2) the issuance of the search warrant was based on probable cause. In determining whether the proponents of the motion to suppress met their burden of establishing that their fourth amendment rights were violated, we must assess the evidence in the light most favorable to the government. *United States v. Massell*, 823 F.2d 1503, 1506 (11th Cir.1987).

The Sweeting brothers each denied any relationship with the property when arriving at the residence. They maintained that they had always lived at their mother's residence at 22301 SW 109 Court, and that the subject premises was rented by their mother as a residence for their grandmother. The fact that they had temporary access to the premises along with several other members of their family and had some personal effects there does not establish the requisite subjective expectation of privacy to assert standing when coupled with their explicit disclaimer of ownership or interest.[2] *United States v. McBean*, 861 F.2d 1570, 1574 (11th Cir.1988) (per curiam); *United States v. McKennon*, 814 F.2d 1539 (11th Cir.1987); *United States v. Hawkins*, 681 F.2d 1343, 1345 (11th Cir.), *cert. denied*, 459 U.S. 994, 103 S.Ct. 354, 74 L.Ed.2d 391 (1982). Under these circumstances, the position taken by the defendants to establish standing is not analogous to establishing status vis-a-vis the property as an overnight guest. *See Minnesota v. Olson*, —— U.S. ——, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990). They denied having any relationship to the premises except access.

Had the defendants established standing to object to the search, we would then consider that the magistrate's probable cause determination was correct. That determination is to be given great deference and is conclusive, if reasonable, absent arbitrariness. *United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir.), *cert. denied*, 469 U.S. 1076, 105 S.Ct. 574, 83 L.Ed.2d 514 (1984); *United States v. Strauss*, 678 F.2d 886, 892 (11th Cir.), *cert. denied*, 459 U.S. 911, 103 S.Ct. 218, 74 L.Ed.2d 173 (1982). Applying the standard

---

1. The stipulation was offered as an alternative to the requested bifurcation of trial to avoid the risk of prejudice which the defendants anticipated could result from having evidence of their previous convictions presented to the jury. The asserted error in denying defendants' motion to bifurcate, therefore, merits no discussion as its alternative was accepted by all parties.

2. Despite the defendants' own disclaimers, the government established, for purposes of proving the element of possession under the substantive offense, that the Sweeting brothers were living at 20730 SW 116 Road. No clothing for females or elderly persons was discovered at the house.

of whether there was a substantial basis in the record supporting the decision to issue the warrant, we find that the detailed and corroborated information contained in the affidavit established probable cause for the issuance of the search warrant. *United States v. Cancela,* 812 F.2d 1340, 1343 (11th Cir.1987); *United States v. Kirk,* 781 F.2d 1498, 1505 (11th Cir.1986). The informants' tips were sufficiently corroborated by independent police work obtained through the surveillance. *Illinois v. Gates,* 462 U.S. 213, 241–42, 103 S.Ct. 2317, 2333–34, 76 L.Ed.2d 527 (1983). The police officers' personal observations during their surveillance at the scene and the stop of the Ford Bronco supported the inference that the informants were reliable. *United States v. Fooladi,* 703 F.2d 180, 183 (5th Cir.1983). Appellants' argument that there was a violation of *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) is supported only by the mere statement in their brief that "the officer was misleading the court when he observed a bag being carried out of the house with no description of the bag that was brought out of the house." Clearly, no intentional or reckless falsity was established, with the district court noting the candor of the detective in stating that he had forgotten to add the fact to the affidavit that the "small package" taken from the residence had not been found. No error was committed by the district court in denying the motion to suppress the evidence.

### B. Custodial Interrogation

■ Joseph Sweeting contends that his fifth amendment privilege against self-incrimination was violated by the arresting officer's eliciting his address in a custodial interrogation. He argues that even though the questioning was "purportedly in the course of obtaining 'routine' information for an arrest form", it was "clearly intended to elicit information that Officer Douglas knew would incriminate Joseph Sweeting." However, no evidence was presented that Douglas' reason for asking Joseph his address was other than to secure routine booking information. An officer's request for " 'routine' information for booking purposes is not an interrogation under *Miranda,* even though that information turns out to be incriminating." *United States v. Sims,* 719 F.2d 375, 378–79 (11th Cir 1983) (per curiam), *cert. denied,* 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984). Therefore, Joseph's motion to suppress his statement was correctly denied. *See Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).

### C. Sufficiency of the Evidence

The elements of the offense under 18 U.S.C. § 922(g)(1) require proof beyond a reasonable doubt that each defendant was a convicted felon, that he possessed a firearm in or affecting interstate commerce, and that he knew he possessed the firearm. Proof of the prior felony convictions and the firearms in interstate commerce was put into the record through the introduction of a stipulation of those facts between the Sweetings and the government. The contested element was possession of the firearms.

■ We conclude that substantial evidence of linkage of the Sweetings to the firearms supports the possession element. Possession may be either actual or constructive. *United States v. Smith,* 591 F.2d 1105, 1107 (5th Cir.1979). The eyewitness testimony of two neighbors who saw Joseph and Anthony with firearms in the front yard of the residence, combined with evidence of the brothers' continued presence and activities at the house, and their personal effects in many of the same locations in the house as the firearms, provided the necessary factual link that the firearms found in the residence were under the dominion and control of Joseph and Anthony. All reasonable inferences and credibility choices made by the jury must be accepted by this court. *United States v. Sanchez,* 722 F.2d 1501, 1505 (11th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2396, 81 L.Ed.2d 353 (1984). The inference that Joseph and Anthony possessed the firearms, which is based on the testimony and physical evidence, is reasonable. There was sufficient evidence to convict both appellants.

### D. Upward Departure from Sentencing Guidelines

■ Joseph Sweeting contends that the district court improperly departed upward from the guideline range to sentence him to four years imprisonment without giving a proper basis for the departure on the record. The sentencing guideline range was ten to sixteen months, with a maximum authorized to five years. He was sentenced to four years imprisonment. At the sentencing hearing, the government offered evidence that the defendants were members of a violent street gang ("The Untouchables") responsible for "drive-by" shootings connected to their business of trafficking in illegal narcotics. The aggravating circumstances found by the district court included (1) the criminal purpose in possessing the firearms to carry on the activities of their narcotics trafficking gang; and (2) the dangerousness of the firearms possessed. The evidence strongly indicated that both defendants were members of this gang which had contributed greatly to the urban drug and crime problems in the communities in which it operated.

Departure from the range mandated by the Sentencing Guidelines is warranted based upon a finding by the court "that there exists an aggravating ... circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); *United States v. Valle,* 929 F.2d 629 (11th Cir.1991) (per curiam). The three-step analysis set forth in *Valle* begins with the question of law of whether the guidelines adequately consider a particular factor so as to preclude the district court from relying on it as a basis for departure, with *de novo* review by this court. Second, the determination is made under a clearly erroneous standard of whether there exists sufficient factual support for the departure. 18 U.S.C. § 3742(e). The final step is to determine whether the extent of the departure was reasonable, § 3742(e)(3), "giv[ing] due regard to the opportunity of the district court to judge the credibility of the witnesses ... and giv[ing] due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); *Valle,* 929 F.2d 629. Sweeting's argument raises an issue only under the first step of this analysis.

The government argued at the sentencing hearing that the evidence warranted departure under Section 5K2.9 for criminal purpose. There is a basis for enhancement pursuant to sections 5K2.1 and 5K2.2 where death or physical injury is a result of the crime.

Joseph Sweeting's contention that the district judge failed to state adequate reasons for departing upward is contrary to the facts. Appellant's argument that because the district judge did not say whether the court accepted or rejected the government's reasoning, this is ground for error, is not persuasive. The court clearly accepted the government's reasoning and it discussed detailed reasons based on factors upon which enhancement is permitted. We reject Sweeting's argument that the district court failed to articulate particularized factors, where the court stated that the offense was part of a criminal livelihood which survived through terrorizing and intimidation of witnesses so that the extent of the criminal behavior never translates into a prosecution. *See United States v. Parrado,* 911 F.2d 1567, 1572–73 (11th Cir. 1990). The scenario set forth in the record and relied upon by the district court was that Joseph Sweeting was the leader of a gang which engaged in drive-by shootings using the same guns that he possessed in his place of residence, and the factor of the dangerousness of the weapons possessed, with proof through the number of weapons recovered and casings recovered in the drive-by shootings. The guidelines do not contemplate a scenario such as this. *Valle,* 929 F.2d 629. We also determine that consideration of these circumstances is consistent with the goals of the Sentencing Guidelines. *United States v. Shuman,* 902 F.2d 873, 875–76 (11th Cir.1990). These aggravating circumstances were a proper basis

for the upward departure in the sentencing of Joseph Sweeting.

### E. Sentence Enhancement under Armed Career Criminal Act

■ Anthony Sweeting contends that his sentence should not have been enhanced pursuant to 18 U.S.C. § 924(e)(1) because he does not have three prior felony convictions for enhancement purposes. His one prior adult conviction in 1986 reflected seven counts which all arose from the same incident. The Act presently provides for an enhanced sentence if a defendant has three previous convictions for "a violent felony or a serious drug offense, or both, *committed on occasions different from one another....*" 18 U.S.C. § 924(e)(1) (emphasis added). Section 924(e) does not require separate indictments, but that "the final conviction under § 922(g) must merely be preceded by three convictions for *crimes* that are temporally distinct". *United States v. Howard*, 918 F.2d 1529, 1538 (11th Cir.1990); *United States v. Greene*, 810 F.2d 999 (11th Cir.1986) (per curiam).

The underlying incident for Sweeting's prior conviction was the burglarizing of one home, fleeing to another home when the police approached, and hiding in a closet to escape detection by the police. We agree with appellant that this should count as only one conviction for purposes of sentencing, as it constitutes a single episode even though there were separate punishable acts. *See United States v. Towne*, 870 F.2d 880, 889–90 (2nd Cir.), *cert. denied*, 490 U.S. 1101, 109 S.Ct. 2456, 104 L.Ed.2d 1010 (1989).

■ The government notes that Anthony stipulated during trial that he had three prior felony convictions as outlined in the indictment. Because the government, Anthony Sweeting, and the judge understood that proof of the prior felony convictions was an essential element of the substantive crime charged, instead of bifurcating the proof or letting the indictment upon which he was charged go to the jury, defendant stipulated that he had three prior felony convictions. The government argues that Anthony's stipulation at trial supports the

district court's decision to apply the provision of the Armed Career Criminal Act, and the sentence should be affirmed. We disagree.

Section 924(e) is a sentence enhancement provision. *United States v. McGatha*, 891 F.2d 1520 (11th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 2188, 109 L.Ed.2d 516 (1990). "Because § 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision, the previous felony convictions necessary for sentencing under § 924(e)(1) are not an element of the offense for which appellant was tried. Therefore, prior convictions ... are relevant only for recidivist sentencing." *Id.* at 1527. The stipulated *three* prior convictions was not an element of the crime charged and the stipulation to those *separate* offenses was therefore unnecessary, although stipulation to *one* prior conviction avoided the perceived prejudice of establishing the required element under § 922(g)(1) by direct proof.

There is no showing that the defendant entered into the stipulation for enhancement of sentence purposes. It would be a grave injustice to hold that a stipulation entered into under a mistake of law that there were three separate felony convictions instead of one, and that it was an element of the substantive offense can now be used for enhancement of sentence evidence that the defendant had three prior felony convictions. The avoidance of prejudice by the elimination of direct evidence during the trial of the prior felony element cannot serve under these circumstances to improperly bind the defendant for the separate issue of sentencing under the enhancement provision of the statute. This is especially so when the defendant at the sentencing hearing objected to the use of the stipulation and told the district court that he was convicted only once and not several times for the same offense. The expression by this court of a standard to determine separate offenses under § 924(e) which has developed in our recent cases clearly makes the stipulation a mistake of law if it is applied for sentencing purposes. We are convinced that defendant's inten-

tion was not to be bound by the stipulation for purposes of sentencing, and he cannot be so bound under these circumstances. Therefore, the mistaken stipulation that there were three prior convictions instead of one, introduced for trial purposes only under § 922(g)(1), was not applicable for enhancement purposes to support the imposition of a 15–year mandatory minimum sentence under § 924(e). Anthony Sweeting's sentence was therefore not properly subject to enhancement under § 924(e) and is hereby vacated.

## IV. CONCLUSION

For the foregoing reasons, we affirm the conviction and sentence of Joseph Sweeting. We affirm the conviction of Anthony Sweeting; we vacate his sentence under § 924(e) and remand for resentencing.

AFFIRMED, in part; VACATED, in part, and REMANDED.