977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco HERNANDEZ-CASTILLO, Defendant-Appellant.
 No. 89-50630.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.
Decided Oct. 15, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Hernandez-Castillo ("Hernandez") appeals his conviction following his conditional guilty plea to one count of harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(C). Hernandez contends that denying his motion to suppress evidence obtained in a warrantless search of his codefendant's residence was reversible error. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 We have previously rejected the identical arguments challenging the search as made by Hernandez-Castillo's brother and codefendant, Juan Villagomez-Castillo. See United States v. Villagomez-Castillo, 921 F.2d 282 (9th Cir.1990) (mem.) (text available on Westlaw). However, it is unnecessary for us to reach these issues again because we find a threshold issue to be dispositive.
 
 
 4
 To establish a Fourth Amendment violation, the defendant bears the burden of showing that she or he had a legitimate expectation of privacy in the place searched. E.g., United States v. Davis, 932 F.2d 752, 756 (9th Cir.1991). We have observed that a defendant "seeking to suppress evidence on fourth amendment grounds must in every instance first establish that he had a legitimate expectation of privacy in the place where the allegedly unlawful search occurred." United States v. Freitas, 716 F.2d 1216, 1220 (9th Cir.1983). A legitimate expectation of privacy requires an actual subjective belief in privacy which society is prepared to recognize. E.g., Davis, 932 F.2d at 756.
 
 
 5
 After scrutinizing the record, we find Hernandez's showing that he has standing to object to the search executed in this case to be insufficient. Hernandez's showing consists of two affidavits and his codefendant's testimony.
 
 
 6
 In the first affidavit, Hernandez's codefendant, Juan Villagomez-Castillo averred: "On July 3, 1989 while I was at my home on Live Oak Street, police officers seized me and approximately 8 other people who were present in my house. Among those seized from my residence was my brother, Francisco Hernandez-Castillo who was an invited guest in my house." Hernandez himself signed an affidavit stating: "On July 3, 1989, I was an invited guest at my brother's residence...."
 
 
 7
 At the suppression hearing, Hernandez's attorney inquired of Villagomez-Castillo as follows:
 
 
 8
 Q. Is Francisco Hernandez-Castillo your brother?
 
 
 9
 A. Yes.
 
 
 10
 Q. On July 3rd, 1989 was he invited into your house?
 
 
 11
 A. Yes.
 
 
 12
 Q. Had he been to your house on other occasions?
 
 
 13
 A. Yes.
 
 
 14
 Hernandez did not testify at the suppression hearing.
 
 
 15
 From this evidence we know little about Hernandez's subjective expectations regarding privacy at his brother's house. Although the Supreme Court has recognized that an overnight guest will have a sufficient privacy interest to object to a search, Minnesota v. Olson, 110 S.Ct. 1684, 1688 (1990); Davis, 932 F.2d at 756-57, Hernandez provides no evidence that he was a guest with such privacy interest. Instead, his argument amounts to little more than a bald assertion that he was "legitimately on [the] premises." The Supreme Court rejected this argument as a basis for standing in Rakas v. Illinois, 439 U.S. 128, 140-48 (1978). See Olson, 110 S.Ct. at 1688. As we have noted in an analogous context: "Although a guest who stays overnight and keeps personal belongings in the residence of another might have a reasonable expectation of privacy, mere presence in the hotel room of another is not enough." United States v. Grandstaff, 813 F.2d 1353, 1357 (9th Cir.), cert. denied, 484 U.S. 837 (1987); accord United States v. Sweeting, 933 F.2d 962, 964 (11th Cir.1991) (mere access to premises does not an overnight guest make); see also Rakas, 439 U.S. at 142, 148. The record merely shows Hernandez was a guest on the date in question.
 
 
 16
 Because Hernandez failed to establish a reasonable expectation of privacy in his codefendant's residence, the district court's decision denying in part the motion to suppress must be affirmed. See Freitas, 716 F.2d at 1220 n. 2 ("where a defendant fails to meet this burden in the suppression hearing, he cannot prevail on appeal").
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3