[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15937
Non-Argument Calendar

_____

D. C. Docket No. 05-00122-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEREK TYRONE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 15, 2006)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Derek Tyrone Jackson appeals his conviction following a jury trial for

possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). We affirm.

Jackson contends that the evidence presented at trial was insufficient to support a conviction under § 922(g) because it did not establish that he knowingly possessed a firearm. He argues that the police officers' testimony failed to establish a link between the items the officers saw Jackson drop and throw while being chased by police and the pistol and loaded pistol magazine later recovered from the area.

"We review challenges to the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government." United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000). The jury has the exclusive power to determine the credibility of witnesses. United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999). Testimony is incredible as a matter of law if it includes "facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985) (internal quotations omitted) (brackets in original). We will deem the evidence sufficient if a reasonable factfinder could have found that the evidence established that the defendant was guilty beyond a reasonable doubt. United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir.

2

2001).

"To establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." United States v. Deleveaux, 205 F.3d 1292, 1296–97 (11th Cir. 2000). Knowing possession can by shown by either actual or constructive possession, so long as there is a reasonable inference that the accused maintained "dominion and control" over the weapon. United States v. Sweeting, 933 F.2d 962, 965 (11th Cir. 1991)

Because Jackson concedes that elements (1) and (3) were shown, we only need address the sufficiency of the evidence as to element (2). Officers Chad Hughes and Claude Debnam both testified that they saw Jackson: (1) drop an object after he fell while running from police; and (2) throw an object over the roof of a shed as he ran. Debnam testified that he went to the area where Jackson had dropped the object and found a pistol magazine containing ammunition. Officer Clifford Huggins testified that at one point during the chase, he was on the east side of a shed and Jackson was on the west side. Huggins testified that a handgun was thrown over the shed and landed on the ground in front of him. Based on this trial testimony, a reasonable factfinder could have found that the evidence

3

established beyond a reasonable doubt that Jackson knowingly possessed a firearm. See Deleveaux, 205 F.3d at 1296–97; Rivera, 775 F.2d at 1561; McDowell, 250 F.3d at 1365; Sweeting, 933 F.2d at 965. Because sufficient evidence supported the jury's verdict, we affirm Jackson's conviction.

AFFIRMED.