[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13947
Non-Argument Calendar

_____

D. C. Docket No. 04-20874-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TASHIMBE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 22, 2008)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Tashimbe Williams appeals his conviction for possession of a firearm and

ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (d)(1). On appeal, Williams argues that the evidence presented was insufficient to sustain the conviction, and, thus, that the district court erred when it denied his motion for judgment of acquittal.

We review de novo the disposition of a defendant's properly preserved motion for judgment of acquittal. *United States v. Perez-Tosta*, 36 F.3d 1552, 1556 (11th Cir. 1994). When the defendant fails to preserve a motion for judgment of acquittal, we review the sufficiency of the evidence for a manifest injustice, which requires a finding that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. Tapia*, 761 F.2d 1488, 1491-92 (11th Cir. 1985) (per curiam). We consider all of the evidence produced at trial against the defendant in evaluating a claim that the evidence was insufficient to convict. *United States v. Thomas*, 8 F.3d 1552, 1558 n.12 (11th Cir. 1993).

Here, Williams failed to renew his motion for a judgment of acquittal, so we will only reverse his conviction upon a finding of manifest injustice. *See Tapia*, 761 F.2d at 1492. In reviewing witness testimony, "[t]he jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict." *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir.

2

2006), *cert. denied*, 127 S. Ct. 2155 (2007).

"To establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000). Possession can be shown by either actual or constructive possession, so long as there is a reasonable inference that the accused maintained "dominion and control" over the weapon. *United States v. Sweeting*, 933 F.2d 962, 965 (11th Cir. 1991). In *United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001) (per curiam), we held that testimony that the firearm possessed by the defendant was manufactured in California and had moved in interstate commerce to Georgia, where the defendant was arrested with it, was sufficient to establish a nexus to interstate commerce.

Here, the government presented three witnesses that, if the jury believed their testimony, established Williams's possession of a firearm. Further, a government witness testified that the gun was manufactured in California, that the manufacturer who made the gun did not manufacture them in Florida, and that the only way for the gun to get from California to Florida was to travel through interstate commerce. Finally, the government introduced certified copies of at

3

least two of Williams's prior felony convictions into evidence. Each element of the offense was thus established by the government. Moreover, the jury was free to credit the testimony of the government witnesses over that of the defense witnesses, which included Williams himself. Therefore, nothing in the record demonstrates that Williams's conviction was a manifest miscarriage of justice.

Upon careful review of the record on appeal and consideration of the parties' briefs, we discern no error. Accordingly, we affirm.

**AFFIRMED**.