[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2010
JOHN LEY
CLERK

_____

No. 09-14108
Non-Argument Calendar

_____

D. C. Docket No. 08-00099-CR-WBH-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS MONTE NELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 27, 2010)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Travis Monte Nelson appeals his convictions and 280-month total sentence for illegal possession of a firearm by a felon with three prior convictions for serious drug offenses, 18 U.S.C. §§ 922(g) and 924(e), and illegal possession of a stolen firearm, 18 U.S.C. § 922(j).

I.

Nelson challenges the sufficiency of the evidence supporting his convictions. We review de novo the sufficiency of the evidence, viewing the evidence "in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." United States v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006). We must affirm the defendant's conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Garcia-Bercovich, 582 F.3d 1234, 1237 (11th Cir. 2009) (quotation marks omitted). The evidence does not have to "exclude every hypothesis of innocence or be completely inconsistent with every conclusion other than guilt because a jury may select among constructions of the evidence." United States v. Bailey, 123 F.3d 1381, 1391 (11th Cir. 1997).

To convict a defendant of possession of a firearm by a felon under 18 U.S.C. § 922(g)(1), the government must establish that: (1) the defendant was a convicted felon (2) in knowing possession of a firearm (3) that was in or affecting interstate

2

commerce. United States v. Deleveaux, 205 F.3d 1292, 1296–97 (11th Cir. 2000). To obtain a conviction under § 922(j), the government must prove that: (1) the defendant possessed a stolen firearm; (2) the firearm was part of interstate commerce; and (3) the defendant knew or had reason to know that the firearm was stolen. United States v. Smith, 532 F.3d 1125, 1129 (11th Cir. 2008).

Nelson only challenges the possession element of the offenses. "Possession may be actual or constructive, joint or sole." United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004). "To prove actual possession the evidence must show that the defendant either had physical possession of or personal dominion over the thing allegedly possessed." United States v. Leonard, 138 F.3d 906, 909 (11th Cir. 1998). The government may show possession through direct eyewitness testimony linking the defendant to the object, as well as circumstantial evidence. See United States v. Sweeting, 933 F.2d 962, 965 (11th Cir. 1991).

Nelson's sufficiency challenge lacks merit. A reasonable juror could have found that he was in actual possession of the firearm based on Officer Rodriguez's testimony that, while conducting an unrelated traffic stop, he observed Nelson shooting the firearm from the back of a Dodge pickup truck. See Sweeting, 933 F.2d at 965. We conclude that sufficient evidence supported Nelson's convictions.

II.

Nelson also contends that the district court erred in admitting Investigator Griffin's testimony concerning his 2003 arrest for possession of a firearm under Federal Rule of Evidence 404(b). We review evidentiary rulings for an abuse of discretion. United States v. Duran, 596 F.3d 1283, 1296 (11th Cir. 2010). "In reviewing 404(b) decisions, we apply a three-part test for admissibility of such evidence: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof that the factfinder could find that the defendant committed the extrinsic act; and (3) the evidence must possess probative value that is not substantially outweighed by undue prejudice." United States v. Perez, 443 F.3d 772, 779 (11th Cir. 2006).

Nelson argues that the second and third prongs are not met. Investigator Griffin's testimony provided a sufficient basis for the jury to find that Nelson committed the extrinsic offense. Griffin testified that Nelson had a key to the apartment in which the firearm was found. Based on that testimony, a reasonable juror could infer that he exercised control over the apartment and therefore had constructive possession of the firearm inside. See United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006); United States v. Harris, 20 F.3d 445, 454 (11th Cir. 1994) (noting that defendant's "unrestricted access to the home permitted the

4

jury to reasonably infer that he exercised control over the house and therefore maintained constructive possession of the cocaine found at the house").

Griffin's testimony was also more probative than prejudicial because the past and charged offenses were substantially similar. "Whether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends upon the circumstances of the extrinsic offense." United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007) (quotation marks and alterations omitted). Relevant circumstances include the "overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." United States v. Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003). The charged offenses involved the same conduct as the extrinsic act, and the incidents occurred within a three year time period. See United States v. Pollock, 926 F.2d 1044, 1048 (11th Cir. 1991) (concluding that a five-year span did not render the extrinsic conduct too remote for proper consideration). The district court also gave two limiting instructions to the jury reducing the risk of undue prejudice. See Edouard, 485 F.3d at 1346. We conclude that no abuse of discretion occurred.

## III.

Nelson also contends that his 280-month total sentence was substantively unreasonable. We review a sentence for reasonableness under a "deferential

abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007). A sentence must be both procedurally and substantively reasonable. United States v. Livesay, 525 F.3d 1081, 1090–91 (11th Cir. 2008). In assessing the substantive reasonableness of a sentence, we review the totality of the circumstances "including the extent of any variance from the Guidelines range." See Gall, 552 U.S. at 51, 128 S.Ct. at 597. If the district court's sentence is within the guidelines range, we may, but are not required to, presume the sentence is reasonable. Id.; see United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) ("After Booker, our ordinary expectation [of reasonableness] still has to be measured against the record, and the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)."); see also United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" (quoting Talley, 431 F.3d at 788)).

Nelson argues that his sentence was substantively unreasonable because the district court relied on Officer Rodriguez's testimony in imposing its sentence. The district court's reliance on Officer's Rodriguez's testimony was entirely

6

proper. See United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989) (noting that "[t]he findings of fact of the sentencing court may be based on evidence heard during trial"). We cannot say that Nelson's sentence, which was near the low end of his Guidelines range, was unreasonable.

## IV.

Finally, Nelson contends that the district court violated his Fifth and Sixth Amendment rights when it sentenced him under the enhanced penalties of the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on prior convictions that were not proven to the jury. Because Nelson did not raise this argument before the district court, we review only for plain error. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1312 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (1) the error affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted).

We conclude that no error occurred, plain or otherwise. Neither the Fifth nor the Sixth Amendment prevented the district court from finding the fact of Nelson's prior convictions or using them to designate him an Armed Career

7

Criminal under 18 U.S.C. § 924(e)(1).  See <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 228, 118 S.Ct. 1219, 1223 (1988); <u>see also</u> <u>United States v. Gibson</u>, 434 F.3d 1234, 1246 (11th Cir. 2006) ("The government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.") (quotation marks omitted); <u>United States v. Shelton</u>, 400 F.3d 1325, 1330 (11th Cir. 2005) ("[A] district court does not err by relying on prior convictions to enhance a defendant's sentence.").

**AFFIRMED.**