[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2012
JOHN LEY
CLERK

No. 11-12856
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00010-LC-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

IRA JEROME MILLENDER, JR.,
a.k.a. Ira Jerome Millander, Jr.,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 24, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ira Jerome Millender, Jr., appeals his sentence of 180 months' imprisonment, followed by 5 years of supervised release, imposed after he pled guilty to possessing firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court enhanced Millender's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because it found he had four qualifying predicate convictions. Millender argues that in applying the ACCA, the district court erred by counting his 1992 conviction on two counts of aggravated battery as two separate prior convictions.

"We review *de novo* a district court's determination of whether two crimes constitute a single criminal episode or two separate felonies for purposes of section 924(e)." *United States v. Spears*, 443 F.3d 1358, 1360 (11th Cir. 2006).

"Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) is subject to § 924(e)(1)'s mandatory minimum sentence of fifteen years if the defendant has 'three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another.'" *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010) (quoting 18 U.S.C. § 924(e)(1)). While Millender argues the district court erred in counting the 1992 conviction as two separate prior convictions, both he and the Government recognize that Millender would have three qualifying predicate offenses under the

2

ACCA, even if the district court had not committed the purported counting error.[1]

Therefore, the alleged error would have had no impact on Millender's substantive

rights or the outcome of his sentencing proceedings. Accordingly, we conclude

that any error in applying the ACCA was harmless and affirm the sentence.

**AFFIRMED.**

---

[1] Millender claims that one of the other predicate convictions is invalid but does not appear to have challenged that conviction here or in any other court.