[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12353
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00429-RAL-TBM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TORY LENARD JAMES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 3, 2015)

Before HULL, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Tory James appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Mr. James argues that the district court erred when it denied his motion to suppress and admitted into evidence the firearm and ammunition, because the warrant authorizing the search of a recreational vehicle he rented lacked sufficient facts to establish probable cause. After reviewing the parties' briefs and the record, we affirm.

## I

The Sarasota Police Department obtained a warrant to search an RV rented by Mr. James that was parked at 2420 North Osprey Avenue, Sarasota, Florida. The police suspected that the occupants of the property were engaging in ongoing illegal drug activity, and that evidence of such activity could be found inside the RV. When the police applied for a search warrant, it explained, in an affidavit signed by Detective Charlie Riffe, a Sarasota police officer and member of the drug task force, that its request to search the RV was based on information obtained from a confidential informant, purchases made by the informant on the property, and the Police Department's own surveillance of activity occurring at 2420 North Osprey Avenue.

Specifically, Detective Riffe's affidavit stated that the Police Department received information from a confidential informant that led it to believe that illegal drug activity was occurring at 2420 N. Osprey Avenue. The Police Department

2

subsequently had its informant visit the location in an attempt to purchase illegal drugs on three separate occasions. On all three occasions, the informant was searched by the police before entering 2420 N. Osprey Avenue and "found to be contraband free." Following each search, the informant was given cash to complete the purchases. All three times, the informant exchanged the cash for what the Police Department's field tests confirmed contained powder cocaine.   The informant reported that during one of the purchases, the seller entered into a white RV parked on the property and returned with what was later identified as cocaine. After these three purchases, the police conducted surveillance on at least three separate days and observed several individuals visiting 2420 N. Osprey Avenue for short periods of time. This conduct, Detective Riffe explained in his affidavit, was consistent with street drug purchases.

Based on the information contained in Detective Riffe's affidavit, a state court in Sarasota County issued a search warrant for 2420 N. Osprey Avenue, including a "white recreational vehicle parked in the roa[d] of the residence," to look for illegal drugs and drug-related items. When the police searched the RV pursuant to the warrant, they uncovered a firearm and ammunition. Mr. James had the only set of keys to the RV and had been renting the vehicle for five to six months. Mr. James had a prior conviction for a felony and was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

3

Before trial, Mr. James filed a motion to suppress evidence of the firearm and ammunition obtained during the search. He argued that the information provided by Detective Riffe in his affidavit was insufficient to establish probable cause to link the RV to the criminal activity suspected at 2420 N. Osprey Avenue. The district court ruled that Detective Riffe's affidavit "provide[d] more than ample facts to justify the issuing magistrate's conclusion that there was a fair probability that drugs would be found in the mobile home," and therefore, denied Mr. James' motion to suppress. Mr. James was subsequently convicted by a jury and sentenced to ten years' imprisonment.

Mr. James now appeals his conviction and the district court's order denying the motion to suppress the firearm and ammunition obtained from the RV. Specifically, he argues that Detective Riffe's affidavit failed to provide a sufficient basis for the state court to determine there was probable cause to search the RV located at 2420 N. Osprey Avenue, because "it consisted of bare conclusions and insufficient information." We disagree.

## II

We review a district court's denial of a motion to suppress evidence under a mixed standard of review. *United States v. Jimenez*, 224 F.3d 1243, 1247 (11th Cir. 2000). The district court's factual findings are reviewed for clear error, while legal

4

conclusions, including whether the issuance of a search warrant was based on sufficient evidence, are reviewed *de novo*. *See id.*

"To obtain a [search] warrant, [the] police must establish probable cause to conclude that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Gibson*, 708 F.3d 1256, 1278 (11th Cir. 2013) (internal quotations omitted). Probable cause can be established by a police officer's affidavit and "exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). It is "a fluid concept – turning on the assessment of probabilities in particular factual contexts." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). For an officer's affidavit to support probable cause, it cannot be "a mere conclusory statement that gives the magistrate [judge] virtually no basis at all for making judgment regarding probable cause," but rather "must provide the magistrate [judge] with a substantial basis for [making that judgment]." *Id.* at 239.

The state court reviewed Detective Riffe's affidavit and found it contained sufficient information to establish probable cause to search the RV for evidence of illegal drug activity. The district court agreed. It found that the informant's report indicating that the individual who sold him the drugs at 2420 N. Osprey Avenue "retrieved the narcotics from a camper/small recreational vehicle[,] which [was]

5

parked on the property," "provided more than ample facts to justify the issuing magistrate's conclusion that there was a fair probability that drugs would be found in the mobile home." We agree and reject Mr. James' attacks on the sufficiency of the affidavit.

First, he argues that Detective Riffe's opinion that the frequency and brevity of visits to 2420 N. Osprey Avenue "were consistent with street drug sales" is the kind of conclusory statement that the Supreme Court in *Gates* held was insufficient to establish probable cause. *See Gates*, 462 U.S. at 239. We need not address whether Detective Riffe's opinion would alone be sufficient to establish probable cause, because we look at "the totality of the circumstances" when determining whether there is probable cause. *See Brundidge*, 170 F.3d at 1352. *See also United States v. Sweeting*, 933 F.2d 962, 964-65 (11th Cir. 1991) (finding that an officer's observations of suspected criminal activity of the scene and property during surveillance, which was corroborated by an informant's tips, was sufficient to establish probable cause to obtain a search warrant of the property). Viewing Detective Riffe's observation in conjunction with information set forth in the affidavit, we find there were sufficient facts alleged to establish probable cause.

Second, Mr. James attacks the informant's description of the RV. He claims that the affidavit was confusing and ambiguous because it referred to the RV as "a camper/small recreational vehicle" instead of referring to it as a mobile home. We

find this argument has little merit. Although Detective Riffe's affidavit could have described the RV in more detail, it did state that the vehicle in question was a white "camper/small recreational vehicle parked on the property" that "ha[d] grey trim and a door located on the west side of the trailer" with "two (2) windows on the west side and one (1) window facing directly south." Mr. James argues there was confusion because of the affidavit's description of the RV, but there was only one mobile home or RV on the property. He does not state why "recreational vehicle" is an improper description of the vehicle. He also does not contend that the police searched the wrong vehicle or that there was any confusion as to which vehicle the warrant referred to. We cannot conclude that the affidavit's description of the RV was so deficient as to render it insufficient to establish probable cause. *See United States v. Weinstein*, 762 F.2d 1522, 1532 (11th Cir. 1985) (internal quotations omitted) ("A warrant's description of the place to be searched . . . need only describe the place to be searched with sufficient particularity to direct the searcher . . .").

In a related argument, Mr. James also asserts that the affidavit's description of the RV was deficient because it failed to provide any information about the RV's contents. We are not persuaded. Nothing in Fourth Amendment law requires that the police, before obtaining a search warrant for a structure or vehicle have first entered the structure or vehicle.

Third, Mr. James argues the affidavit was deficient because it failed to state whether the informant entered the RV or identified any other occupants of the mobile home or premise, other than the individual who sold him the drugs. We agree with the district court that the affidavit was likely silent on this matter, because the informant did not enter the RV and/or saw no other individuals during the sale.  Regardless of whether the informant entered the RV or could identify other individuals who went inside, we find the facts alleged in the affidavit as a whole were sufficient to establish probable cause that evidence of the criminal activity would likely be found in the RV. *See Weinstein*, 762 F.2d at 1532.

After reviewing Detective Riffe's affidavit and considering the "totality of the circumstances" described in it, we agree with the state court and the district court that there was "a fair probability of finding contraband or evidence" in the RV parked at 2420 N. Osprey Avenue. *See Brundidge*, 170 F.3d at 1352. *See also Gates*, 462 U.S at 239. We conclude, therefore, that the district court did not err in admitting the firearm and ammunition into evidence.

## III

We affirm the district court's order denying Mr. James' motion to suppress the firearm and ammunition found in the RV.  Mr. James' conviction is, therefore, affirmed.

**AFFIRMED.**