[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-11029
Non-Argument Calendar

————————————————

D.C. Docket Nos. 3:14-cv-00314-LC-CJK,
3:11-cr-00010-LC-CJK-1

IRA JEROME MILLENDER, JR.,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

————————————————

Appeals from the United States District Court
for the Northern District of Florida

————————————————

(August 5, 2019)

Before JORDAN, GRANT, and SILER,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

Ira Millender appeals from the district court's denial of his motion to vacate, filed pursuant to 28 U.S.C. § 2255. *See United States v. Millender*, 2018 WL 902268 (N.D. Fla. Feb. 15, 2018). Following a review of the record, and with the benefit of oral argument, we reverse and remand for resentencing.[1]

Mr. Millender contends that he is not subject to an enhanced sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), because two of his three remaining predicate convictions—for Florida aggravated battery—were not "committed on occasions different from one another." *See* § 924(e)(1). We agree.

The only evidence in the record, contained in the presentence investigation report, is that on November 11, 1992, in Pensacola, Florida, Mr. Millender got into an argument with Alonzo Knight and Mike Carstarphen. At some point, Mr. Millender took a handgun from his pocket "and shot two rounds at the victims." One bullet struck Mr. Knight in the left thigh, and the other bullet struck Mr. Carstarphen in the left hand. There is no evidence as to how much time, if any, elapsed between the two shots. Nor is there any evidence of what the distance was between Mr. Millender and the two victims (or between the two victims themselves) at the time the shots were fired.

---

[1] Because we are writing for the parties, we assume their familiarity with the record and set out only what is necessary to explain our decision.

2

Recognizing that Mr. Millender has the burden in a § 2255 proceeding, *see, e.g., Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015), we conclude that he has carried that burden. Although we have not found any shooting cases applying the "on occasions different" language of § 924(e)(1), our decision in *United States v. Sweeting*, 933 F.2d 962 (11th Cir. 1991), demonstrates that Mr. Millender's firing of two shots did not constitute two separate offenses "that are temporally distinct," *id.* at 967, within the meaning of ACCA.

In *Sweeting*, the defendant's prior offenses were "[1] the burglarizing of one home, [2] fleeing to another home when the police approached, and [3] hiding in a closet to escape detection by the police." *Id.* (brackets added). We held, albeit without much discussion, that these incidents "should count as only one conviction for purposes of sentencing, as it constitutes a single episode even though there were separate punishable acts." *Id.* Here there was no evidence showing that Mr. Millender had a "meaningful opportunity to desist" between the firing of the two shots. *United States v. McCloud*, 818 F.3d 591, 596 (11th Cir. 2016). And, as noted, there was no evidence concerning the time that elapsed between the two shots. *See United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998) (asking whether the "crimes are successive rather than simultaneous").

The government argues that Mr. Millender's attack on the two aggravated battery convictions is untimely. We decline to address this argument for a number

3

of reasons.  First, the district court rejected this argument, and our certificate of appealability did not include the timeliness issue.  *See Hodges v. Att'y Gen.*, 506 F.3d 1337, 1340–41 (11th Cir. 2007) (explaining that we generally do not consider issues "beyond those on which the COA was granted").  Second, although we can reach procedural issues encompassed by a COA, *see McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001), we choose not to do so here.  Mr. Millender made the same challenge to the two aggravated battery convictions on direct appeal, but we declined to address the argument because our law at the time left him with three ACCA predicate convictions and rendered any error as to those convictions harmless.  *See United States v. Millender*, 458 F. App'x 791, 792 (11th Cir. 2012).  This is therefore our first opportunity to address Mr. Millender's contention that the two aggravated battery convictions should not be counted separately under § 924(e)(1).

The district court's denial of Mr. Millender's § 2255 motion is reversed.  Mr. Millender's sentence is vacated, and the case is remanded for resentencing without the ACCA enhancement.

**REVERSED AND REMANDED.**

4