[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 99-4240

_____

D. C. Docket No. 98-00117-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED WAYNE LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 13, 2000)

Before COX, Circuit Judge, HILL, Senior Circuit Judge, and NESBITT\*, Senior
District Judge.

PER CURIAM:

_____

\*       Honorable Lenore C. Nesbitt, Senior U. S. District Judge for the
Southern District of Florida, sitting by designation.

Alfred W. Lee, Sr. was caught pawning a shotgun, and he was convicted for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Lee appeals, challenging among other rulings the district court's conclusion that he had been convicted of three violent felonies, and thus was subject to the armed-career-criminal mandatory minimum sentence of 18 U.S.C. § 924(e), the Armed Career Criminal Act.[1] We affirm.

Two of the three predicate convictions, one for strong-arm robbery and the other for burglary, resulted from conduct occurring on the same day in 1993. On that day, Lee first robbed a credit union at gunpoint. Having collected $300, he made a successful getaway in a Dodge Omni. An officer responding at the scene immediately issued a bulletin with a description of Lee and the Omni. Within a few minutes, another officer in a nearby jurisdiction spotted the Omni, now rolling with a flat tire, about two miles from the credit union. The officer stopped the car, but Lee fled on foot. Officers surrounded the area and finally caught Lee as he exited a backyard storage shed where he had broken in and hidden.

The district court concluded, on these facts, that there was enough of a break between the robbery and the burglary for the two to be "committed on occasions

---

[1]     Lee's other challenges to his conviction and sentence do not warrant discussion. *See* 11th Cir. R. 36-1.

different from one another" as required by 18 U.S.C. § 924(e)(1) to treat them as separate felonies, and the court accordingly sentenced Lee as an armed career criminal to 210 months' incarceration. Lee's contention on appeal, as it was in the district court, is that the robbery and the burglary were a single criminal episode, and thus do not count as two separate felonies for these purposes. This is an issue of law, which we review de novo. *See United States v. Pope*, 132 F.3d 684, 689 (11th Cir. 1998).

Two cases from this circuit come very close to interpreting § 924(e) on similar facts. In the first, *United States v. Sweeting*, 933 F.3d 962, 967 (11th Cir. 1991), the defendant burglarized one house and then, as the police approached, broke into another house to hide. In the second case, *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998), the defendant committed two burglaries two hundred yards apart on the same night. The *Sweeting* panel held that the two burglaries were committed on the same "occasion" under the statute, and thus counted as one felony; the *Pope* panel reached the opposite conclusion on its facts. Lee would have us read the two cases either as conflicting (in which case the older case would control this panel's decision[2]) or to view his facts as closer to *Sweeting* than *Pope*.

We reject both of these contentions. The rule stated in *Pope* comports with the result in *Sweeting*, which was reached without extended discussion. *Pope* held that

---

[2]     *See Walker v. Mortham*, 158 F.3d 1177, 1188-89 (11th Cir. 1998).

3

"so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." *Pope*, 132 F.3d at 692. By "successive," the *Pope* panel meant that the crimes were separated by "a meaningful opportunity to desist . . . activity before committing the second offense," *id.* at 690, and that the crimes reflected "distinct aggressions, especially if the defendant committed the crimes in different places," *id.* at 692.

The *Sweeting* and *Pope* panels' different conclusions simply reflect the panels' judgment on the degree of break between the first and second crimes. The *Sweeting* court evidently concluded (its recitation of the facts of the predicate crimes is not detailed enough to tell for sure) that Sweeting, being under the pressure of hot pursuit after the commission of his first crime, had no meaningful opportunity to avoid his second crime, which was part of the same aggressive conduct, and in the same area, as his first burglary. In *Pope*, on the other hand, the panel observed that Pope had time to stop his criminal activity rather than undertake a second crime. *See id.* at 692.

This case comes closer to *Pope* than *Sweeting* because of the significant separation between the credit union robbery and the shed burglary. It is true that the crimes represent one course of criminal conduct, but so did the burglaries in *Pope*. The more important point is that as in *Pope*, Lee here successfully completed his first crime. He got away. Only after he was spotted some two miles away based on a

description of his car did he set into motion the chain of events leading to his second crime, and that crime was committed in a completely different venue. That break makes the crimes successive, distinct aggressions. The district court thus properly sentenced Lee under § 924(e).

AFFIRMED.