

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2002

# USA v. Mucha

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1060

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Mucha" (2002). *2002 Decisions*. Paper 640.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/640

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1060
_____

UNITED STATES OF AMERICA

v.

RUDY MUCHA,

<u>Appellant</u>

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Criminal Action No. 3: CR-00-62)
District Judge: Judge James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2002

_____

Before: BARRY, AMBRO and GARTH, <u>Circuit Judges</u>

(Opinion Filed: October 8, 2002)

_____

OPINION

_____

Garth, <u>Circuit</u> <u>Judge</u>:

Appellant Rudy Mucha appeals the district court's sentencing decision, in which the district court invoked a fifteen-year mandatory minimum sentence pursuant to the Armed Career Criminal Act ("ACCA") and declined to grant Mucha a downward departure from the Sentencing Guidelines.

We affirm.

**I.**

Because we write solely for the benefit of the parties, we recount the facts and the procedural history of the case only as they are relevant to the following discussion.

Agents from the Bureau of Alcohol, Tobacco, and Firearms ("ATF") arrested Mucha after local law enforcement officials had notified ATF that they had discovered Mucha was a convicted felon who had twice been found in possession of firearms. A federal grand jury indicted Mucha on two counts of violation of 18 U.S.C. § 922(g)(1), possession of firearms as a convicted felon, and of the ACCA, 18 U.S.C. § 924(e). Mucha entered a plea of "not guilty" before the district court.

The grand jury later returned a superseding indictment that contained the same charges as the initial indictment, but in addition, identified a list of four predicate convictions for application of the ACCA. The indictment listed three state-law convictions for three burglaries committed on the same date, May 22, 1989, in three different localities (Springville, Hop Bottom, and Wilmot Township, Pennsylvania), respectively; as

well as a state-law conviction for conspiracy to commit a burglary in Thornhurst, Pennsylvania, on May 25, 1989. On July 20, 2000, after the grand jury returned the indictment, Mucha signed a plea agreement and pled "guilty" to one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). As part of the plea agreement, Mucha acknowledged the convictions listed in the indictment and stated his understanding that if the district court determined that the ACCA applied to him, he would be subject to the Act's mandatory fifteen-year minimum sentence.

The district court held a sentencing hearing on December 19, 2001. The district court determined that the ACCA did apply to Mucha, and accordingly sentenced him to a 180-month term (*i.e.,* fifteen years), followed by three years of supervised release. In denying the motion for downward departure, the district court explicitly recognized that although it had the discretion to make a downward departure, the court would choose not to exercise that discretion.

This timely appeal followed.

**II.**

We have jurisdiction to hear Mucha's appeal of the application of the ACCA pursuant to 28 U.S.C. § 1291. We have plenary review of a district court's sentencing determination to the extent that it involves the application of legal principles. *See Government of the Virgin Islands v. Martinez*, 239 F.3d 293, 297 (3d Cir. 2001); *see also*, *e.g.*, *United States v. Lee*, 208 F.3d 1306 (11th Cir. 2000), *cert. denied*, 532 U.S.

-3-

907 (2001) (whether defendant's prior offenses counted as separate under the ACCA was legal issue subject to de novo review).

The ACCA provides that:

> in the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . committed on different occasions from one another, such person shall be . . . imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1). A defendant who is subject to the ACCA is classified as an armed career criminal, pursuant to section 4B1.4 of the Sentencing Guidelines. U.S.S.G. § 4B1.4. As we have said, "The ACCA is a sentence enhancement statute and does not create a separate offense." *United States v. Mack*, 229 F.3d 226, 231 (3d Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001) (citation omitted).

Appellant Mucha argues that the district court erred in holding that his four convictions (three burglary convictions and one conviction for conspiracy to commit burglary), stemming from crimes committed in 1989, satisfied the ACCA's requirement of three predicate convictions. Mucha claims that the four convictions should not be counted as multiple convictions, but rather should be considered as a "common scheme," because "[e]ach action was related as part of a burglary ring, and each event was related to the other." Appellant's Br. at 9, 11.

Mucha's argument is without merit. In *United States v. Schoolcraft*, 879 F.2d 64 (3d Cir.) (per curiam), *cert. denied*, 493 U.S. 995 (1989), we adopted the "separate episodes" test for purposes of enhanced sentencing under the ACCA:

The issue of enhanced sentencing under the ACCA has frequently arisen in cases where the defendant received multiple convictions in a single judicial proceeding. *In each of these cases, courts have held that the individual convictions may be counted for purposes of sentencing enhancement so long as the criminal episodes were distinct in time . . .* In each case, the "separate episode test" was adopted. Recently the Second Circuit stated that "it is fairly well-established in other circuits that § 924(e)(1)'s reference to "convictions" pertains to single "episodes of felonious criminal activity that are distinct in time."

*Id*. at 73 (emphasis added) (*citing United States v. Towne*, 870 F.2d 880, 889 (2d Cir.),

*cert. denied*, 490 U.S. 1101 (1989)) (other citations omitted). Our adoption of the

separate episode test accords with both the meaning of the unambiguous statutory language

and the legislative intent underlying the ACCA. *See id*. at 74.

In *Schoolcraft*, we did not describe in detail the criteria that should be used to

determine what constitutes a "separate" episode for purposes of the ACCA.[1] Several

circuits, however, have explained that even brief differences in time between crimes suffice

to constitute separate episodes. For example, as the Seventh Circuit has said, "[I]t is

necessary to look to the nature of the crimes, the identities of the victims, and the

locations. Additionally, we must ask whether the defendant had sufficient time to cease and

desist or withdraw from the criminal activity." *United States v. Cardenas*, 217 F.3d 491,

---

[1] We did not find it necessary to explicate the separate episodes test in *Schoolcraft*. The defendant in *Schoolcraft* had committed and received convictions for five previous felonies, three of which had occurred on the same date. Even if the three convictions for crimes committed on the same date were treated as a single criminal episode, the ACCA's requirement of three separate convictions would still be met. Accordingly, we declined to decide whether the defendant had three or five convictions for purposes of the ACCA. *See Schoolcraft*, 879 F.2d at 74.

492 (7th Cir.), *cert. denied*, 531 U.S. 998 (2000).[2]  When applied to Mucha, the separate

episode test makes it clear that each burglary affected a different victim in a different

geographic locale.  Though three of the crimes occurred on the same night, they were each

committed in different towns against different victims.  As such, Mucha had opportunities

to cease and desist from further criminal activity.  Each crime thus must be seen as a

separate and distinct criminal episode; the multiple crimes do not constitute a single

criminal episode, as Mucha contends.

Mucha relies on our decision in *United States v. Balascsak*, 873 F.2d 673 (3d Cir.

1989), *cert. denied*, 498 U.S. 864 (1990), in support of his argument that his convictions

should be considered a single criminal episode, and so the ACCA does not apply to him.

This contention is in error.  *Balascsak*'s holding was based on the predecessor statute to

the current ACCA.  *See* 18 U.S.C.App. § 1202 (1984).  As we noted in *Schoolcraft*, the

1988 amendment to § 924(e)(1) added the requirement that the felonies be "committed on

different occasions from one another."  *Schoolcraft*, 879 F.2d at 72 n. 7 (quoting 18 U.S.C.

---

[2] *See also, e.g., United States v. Hobbs*, 136 F.3d 384, 389 (4th Cir.), *cert. denied*, 524 U.S. 945 (1998) (three burglaries committed on the same night within one hour of each other in different towns one mile apart were three  convictions for ACCA purposes); *United States v. Rideout*, 3 F.3d 32, 35 (2d Cir.), *cert. denied*, 510 U.S. 999 (1993) (two breaking and entering convictions are separate episodes because they involved different victims, even though they were in the same apartment building one hour apart); *United States v. Tisdale*, 921 F.2d 1095, 1099 (10th Cir. 1990), *cert. denied*, 502 U.S. 986 (1991) (burglary of two businesses and a post office in the same mall on the same night are three separate episodes); *United States v. Wicks*, 833 F.2d 192, 193 (9th Cir. 1987), *cert. denied,* 488 U.S. 831 (1988) (*cited in Schoolcraft*, 879 F.2d at 73) (two burglaries which occurred on the same night, but were committed at two different places at two different times, could be counted as separate convictions for purposes of sentencing enhancement).

§ 924(e)(1) (1988)). Our analysis of the ACCA, as amended, in *Schoolcraft* supersedes our earlier decision in *Balascsak*.

Accordingly, the district court was correct in determining that Mucha had committed the requisite three felonies to trigger application of § 924(e)(1), and did not err in applying the mandatory minimum fifteen-year sentence as mandated by the ACCA.

**III.**

We lack jurisdiction to examine a district court's denial to grant a downward departure from the Sentencing Guidelines.. In *United States v. Denardi*, 892 F.2d 269 (3d Cir. 1989), we held that 18 U.S.C. § 3742, which permits a defendant to appeal his sentence, does not allow for appellate jurisdiction to the extent that the appeal is based on the district court's discretionary refusal to depart downward from the Sentencing Guidelines. *See id.* at 272. *See also, e.g., United States v. Spinello*, 265 F.3d 150, 162 (3d Cir. 2001); *United States v. Parker*, 902 F.2d 221, 222 (3d Cir. 1990) ("We did not have jurisdiction to entertain an appeal when the district court refused to exercise its discretion to depart downward from the guidelines.").

Because the district court recognized that it had the authority to make a downward departure from the Sentencing Guidelines, but elected not to do so,[3] we lack jurisdiction to

---

[3] At the sentencing hearing, the Assistant U. S. Attorney asked the district court, "I just want to make one further point for the record. Is the Court recognizing that the Court would have the ability to depart, but is nonetheless declining to do so?" Tr. of Sentencing Hr'g at 15, App. 15. The Court replied, "We so recognize." *Id.*

review the district court's decision.  We therefore lack jurisdiction to review the district

court's discretion.


**IV.**

We will affirm the district court's application of the ACCA to Mucha.  Because we

lack jurisdiction to review the district court's decision not to grant a downward departure

from the Sentencing Guidelines, we will dismiss that portion of the appeal.



TO THE CLERK:

Please file the foregoing opinion.


/s/ Leonard I. Garth
Circuit Judge