[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2008
THOMAS K. KAHN
CLERK

No. 07-14587
Non-Argument Calendar

_____

D. C. Docket No. 07-00019-CV-2

ALFRED WAYNE LEE,

Petitioner-Appellant,

versus

WARDEN JOSE M. VAZQUEZ,

Respondent,

WARDEN DEBORAH HICKEY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 22, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Alfred Wayne Lee, a federal prisoner, appeals the district court's dismissal of his pro se § 2241 petition for habeas corpus relief. Lee contended in that petition that the Florida district court that tried and convicted him for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) lacked subject matter jurisdiction. According to Lee, his continued confinement therefore amounts to involuntary servitude in violation of his constitutional rights. The reason that he is attempting to circumvent 28 U.S.C. § 2255 is that his conviction and sentence were affirmed seven years ago, see United States v. Lee, 298 F.3d 1306 (11th Cir. 2000), cert. denied, 532 U.S. 907, 121 S. Ct. 1232 (2001), and he is prevented from having his claim decided in a § 2255 motion by the statute of limitations. See 28 U.S.C. § 2255(f)(1). The district court dismissed Lee's petition, adopting the report and recommendation of the magistrate judge, which concluded that Lee could not satisfy the savings clause of § 2255.[1]

---

[1] Although the district court's order also noted that Lee's petition "actually falls within the ambit of § 2255, and is an unauthorized successive motion," the court's dismissal of the petition was actually based upon its conclusion that Lee failed to satisfy § 2255's savings clause. Despite the court's statements equating Lee's petition to a successive § 2255 motion, its order ultimately adopted the report and recommendation of the magistrate judge "as the opinion of this Court." If the court had construed Lee's petition as a § 2255 motion and dismissed it as successive, he would be required to obtain a certificate of appealability in order to appeal. See 28 U.S.C. § 2253(c)(1)(B). However, "a federal prisoner who proceeds under § 2241 does not

2

Lee argues on appeal that the district court had jurisdiction to review his § 2241 petition because it was properly addressed to the warden of the prison facility in which he is incarcerated.  He further maintains that his petition does not challenge the validity of his conviction or sentence and that the district court erred by failing to consider the merits of his § 2241 petition.[2]

"The availability of habeas relief under § 2241 presents a question of law that this Court reviews de novo."  Sawyer v. Holder, 326 F.3d 1363, 1365 n.4 (11th Cir. 2003).  A petitioner typically mounts a collateral attack on the validity of his federal conviction or sentence by filing a motion under 28 U.S.C. § 2255.  Id. at 1365.  However, the savings clause of § 2255 permits federal prisoners to file a habeas petition pursuant to § 2241 in some limited circumstances.  See 28 U.S.C. §§ 2241(a), 2255.  That provision provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to

need a COA to proceed."  Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).  Lee may, therefore, proceed before this Court without a COA.

[2]  Lee also contends that the district court improperly construed his § 2241 petition as a successive motion under § 2255.  He argues that his initial § 2255 motion cannot be considered a first motion because the court had failed to give him the warnings required by Castro v. United States, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003).  Having raised this issue for the first time in his reply brief, it is not properly before this Court.  See Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003).  In any event, we have already noted that the district court's dismissal of Lee's petition was based on his failure to satisfy the savings clause, not on the court's characterization of his petition as a § 2255 successive motion.

3

this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Id. § 2255(e). Accordingly, a prisoner may file a § 2241 petition pursuant to the savings clause if an otherwise available remedy under § 2255 is inadequate or ineffective. See id.

This Court has held that § 2255 is inadequate or ineffective within the meaning of the savings clause when:

> (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). If all three of these criteria are met, "the savings clause of § 2255 applies to open the portal to a § 2241 proceeding." Id. at 1244 n.3.

After careful review of the record and consideration of the parties' briefs, we conclude that the district court properly dismissed Lee's § 2241 petition. His petition does not claim that he was convicted of a crime that a retroactively applicable Supreme Court decision has made nonexistent. See id. at 1244.

4

Instead, it claims that the district court that convicted Lee lacked subject matter jurisdiction, a claim that he had ample opportunity to raise at trial, on direct appeal, and in a § 2255 petition. Indeed, Lee previously contested the district court's subject matter jurisdiction by filing a Fed. R. Crim. P. 12(b)(2) motion to dismiss the indictment and then by appealing the court's denial of that motion. Because Lee cannot satisfy the Wofford test, the savings clause of § 2255 does not apply and Lee cannot open the portal to a § 2241 proceeding. See id. at 1244 n.3.

Despite his inability to satisfy the Wofford test, Lee argues that his petition was properly before the district court because he directed it to the warden of the prison facility in which he is incarcerated. That argument is frivolous. Our Wofford decision establishes that naming the proper official as the respondent is not enough. See id. at 1244. The prisoner must be able to open the portal to § 2241 by establishing that the savings clause applies. See id.

**AFFIRMED.**