[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 03, 2010
JOHN LEY
CLERK

No. 09-14868
Non-Argument Calendar

_____

D. C. Docket No. 08-20756-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JENORD BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 3, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jenord Brown appeals his 180-month concurrent sentences after he pleaded guilty to 1) two counts of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. sections 922(g)(1) and 924(e)(1) ("Group 1") and 2) two counts of possession of a controlled substance, in violation of 21 U.S.C. section 844(a) ("Group 2").[1]  No reversible error has been shown; we affirm.

## I.  Background

Brown argued before the district court -- and argues again on appeal -- that it was error to enhance his sentence under 18 U.S.C. section 924(e)(1) because he did not have the requisite number of prior convictions for the ACCA to apply.  First, he argues that three of his prior convictions (which he concedes constituted violent felonies under the ACCA) should have been considered as only <u>one</u> offense: they took place within a nine-day span, were consolidated for sentencing, and were part of a common scheme or plan.  Second, Brown contends that, under the ACCA, one of his prior convictions should not have counted as a predicate conviction where

_____

[1] Brown does not appeal his sentence for the Group 2 counts.

2

adjudication of guilt had been withheld.

## II. Standard of Review

We review questions of statutory interpretation <u>de novo</u>, including whether offenses are "committed on occasions different from one another" for purposes of the ACCA.  <u>United States v. Lee</u>, 208 F.3d 1306, 1307 (11th Cir. 2000).

## III. Discussion

The district court's sentence is without error.  The district court was correct to conclude that Brown possessed the necessary three previous convictions for a violent felony.  The ACCA provides for a fifteen-year mandatory minimum sentence where a person violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense, or both, committed on different occasions.  <u>See</u> 18 U.S.C. § 924(e).  We said in <u>Pope</u> that where "predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA."  <u>United States v. Pope</u>, 132 F.3d 684, 692 (11th Cir. 1998) (concluding that consecutively burglarizing buildings

200 yards apart constituted separate crimes for ACCA purposes); see also United States v. Lee, 208 F.3d 1306, 1307 (11th Cir. 2000) (looking to whether the defendant possessed a meaningful opportunity to desist activity before committing a later offense).

Here, the three predicate crimes relied on by the district court for triggering the ACCA mandatory-minimum sentence were committed successively and, with regard to time, were distinct.[2] Committing the crimes over a nine-day span, Brown possessed sufficient opportunity to desist but declined to do so. Brown's arguments about the crimes constituting a common scheme and about the offenses' consolidation for sentencing do not alter ACCA's clear statutory requirement. See 18 U.S.C. § 924(e)(1) (requiring prior convictions arising from offenses "committed on occasions different from one another").

We reject Brown's argument that the conviction for which he never received a guilty adjudication should not count. See United States v. Santiago, 601 F.3d 1241, 1242 (11th Cir. 2010) (concluding that "a guilty plea followed by a sentence of probation and a withholding of adjudication qualifies under Florida law as a predicate conviction for the purpose of enhancing a defendant's sentence under the ACCA").

---

[2] Defendant does not contest that the three crimes qualified as "violent felon[ies]" under section 924(e)(1).

4

AFFIRMED.