[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15096
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00381-TCB-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee
Cross-Appellant,

versus

EDWARD SHANE SMALLWOOD,

Defendant-Appellant
Cross-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(January 28, 2016)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Edward Shane Smallwood was convicted and sentenced to 120 months' imprisonment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Smallwood and the Government both challenge the sentence. Smallwood asserts the sentence is procedurally and substantively unreasonable, while the Government argues the sentence must be vacated because the district erroneously found that two of Smallwood's prior convictions are not separate offenses under 18 U.S.C. § 924(e)(1).[1]  We agree with the Government. Therefore, we vacate and remand for resentencing.  This decision moots the issues raised by Smallwood in his appeal, and we consequently limit our discussion to the Government's claim.

## I

A person who violates § 922(g)(1) and has three prior convictions for a "violent felony or a serious drug offense, or both, *committed on occasions different from one another . . .* shall be . . . imprisoned not less than fifteen years."  18 U.S.C.A. § 924(e)(1) (emphasis added).  Smallwood has three prior convictions that arguably meet the definition of "violent felony."[2]  However, the district court

---

[1] Section 924(e) of Title 18 is commonly known as the Armed Career Criminal Act (ACCA).

[2] We note that the issue of whether Smallwood's prior convictions actually constitute violent felonies was not briefed by the parties or considered by the district court.  As such, this issue is not before us.  *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284–85 (11th Cir. 2003) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below.").

did not consider whether the convictions are violent felonies, because it concluded that two of the convictions—two burglary convictions to which Smallwood pled guilty—were not "committed on occasions different from one another." *See id.*

In determining whether Smallwood committed the burglaries on separate occasions, the district court had the authority to consider Smallwood's indictments and plea hearing transcript for the convictions.[3] *See Shepard v. United States*, 544 U.S. 13, 16, 125 S. Ct. 1254, 1257 (2005) ("[a] court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"); *Weeks*, 711 F.3d at 1259. These documents provide the following information about the burglaries: Smallwood and two accomplices burglarized two fast-food restaurants; the restaurants were located in the same strip mall and were directly adjacent to each other; the group burglarized the restaurants during the same trip to the strip mall; and one of the accomplices waited in a car while Smallwood and the other accomplice entered the restaurants. In addition, at the plea hearing for the burglaries, the trial court asked Smallwood if he personally entered both restaurants, and Smallwood responded affirmatively. Similarly, the accomplice

---

[3] These types of documents are known as "*Shepard* documents." *See United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013) (per curiam).

who waited in the car during the burglaries testified at the plea hearing that Smallwood and the other accomplice each went into both restaurants.

Based on this information, the district court determined that Smallwood and one accomplice personally entered both restaurants.[4] The court also found that Smallwood committed the burglaries in "immediate succession." After making these findings, the court concluded that the burglaries are not separate offenses under § 924(e)(1). Accordingly, the court held Smallwood has at most two prior qualifying convictions under § 924(e)(1) and is not eligible for § 924(e)(1)'s sentencing enhancement.

## II

We review de novo whether a defendant's offenses constitute separate offenses under § 924(e)(1), and we review for clear error the district court's findings of fact related to the imposition of sentencing enhancements. *United States v. Lee*, 208 F.3d 1306, 1307 (11th Cir. 2000) (per curiam); *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010). Moreover, in reviewing the district court's decision, we must consider that "[t]he burden of establishing evidence of the facts necessary to support a sentencing enhancement falls on the

---

[4] In addition to Smallwood's *Shepard* documents, the district court relied on a fact of which it took judicial notice. The fact is related to the physical location of the restaurants. The parties do not challenge this finding.

4

government, and it must do so by a preponderance of the evidence." *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007).

### III

Smallwood's burglary convictions constitute separate offenses under § 924(e)(1). "Successful completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for the purposes of the ACCA." *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998) (internal quotation marks omitted). In other words, "[s]o long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." *Id.* "Distinctions in time and place are usually sufficient to" render two offenses successive, "even when the gaps are small, and two offenses are considered distinct if some temporal break occurs between them." *Weeks*, 711 F.3d at 1261 (internal quotation marks omitted).

Here, the district court reviewed Smallwood's *Shepard* documents, addressed the documents at the sentencing hearing, and concluded that Smallwood personally entered and burglarized two different fast-food restaurants in "immediate succession."[5] Although the restaurants were in extremely close proximity to each other and Smallwood committed one burglary "immediately" after the other, the critical fact is that he committed the burglaries in succession.

---

[5] Smallwood contests these findings. But, we conclude that they are not clearly erroneous in light of the information in Smallwood's *Shepard* documents.

5

*See id.*  Thus, the Government met its burden of showing by a preponderance of the evidence that Smallwood's burglaries were "committed on occasions different from one another."  *See* 18 U.S.C. § 924(e)(1); *Weeks*, 711 F.3d at 1261.

IV

Given our finding that Smallwood's burglary convictions qualify as separate offenses under § 924(e)(1), we vacate Smallwood's sentence and remand for proceedings consistent with this opinion.

**VACATED AND REMANDED.**